EDWARD G. BENEDICT, as Trustee in Bankruptcy of THE
UNION CLOAK AND SUIT COMPANY, Appellant, *v.* JACOB
DESHEL et al., Respondents.

BANKRUPTCY — PROOF OF INTENT OF DEBTOR IN MAKING PREFEREN-
TIAL PAYMENT UNNECESSARY TO SUPPORT ACTION BY TRUSTEE TO
RECOVER PAYMENT. Under section 60 of the National Bankruptcy Act
(30 U. S. Stat. at Large, 562), a trustee in bankruptcy who has proven
that an insolvent debtor has made a payment, the effect of which was to
give one creditor a preference over others of the same class and has
supplemented this by evidence from which a jury may find that the
creditor receiving the payment had reasonable ground to believe that it
was intended thereby to give a preference, establishes all that the statute
requires in support of an action by him to recover moneys paid by an'
insolvent to a creditor in alleged violation of the provision relating to
preferences, and he is not required to prove the intent of the debtor in
making the payment.

*Benedict* v. *Deshel*, 77 App. Div. 276, reversed.

(Argued October 30, 1903; decided December 8, 1903.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the first judicial department, entered
December 17, 1902, affirming a judgment in favor of defend-
ants entered upon a verdict and an order denying a motion for a
new trial.

1

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. Woolsey Shepard* and *Joseph McElroy, Jr.*, for appellant. Proof of actual intent to prefer Deshel & Co. on the part of the Union Cloak and Suit Company, the bankrupt, was not requisite to establish plaintiff's case and the charge of the trial justice to such effect was a reversible error. (*Crooks* v. *P. Nat. Bank*, 46 App. Div. 335; *Pearsall* v. *Nat. Bank*, 74 App. Div. 89; *Carson, etc., Co.* v. *C. T. & T. Co.*, 182 U. S. 438; *Sherman* v. *Luckhardt*, 9 Am. Bank. Rep. 312; *Babbitt* v. *Kelly*, 9 Am. Bank. Rep. 335; *Towle* v. *Turney*, 14 N. Y. 423; *Duncomb* v. *N. Y., H. & N. R. R. Co.*, 84 N. Y. 190; *York* v. *Conde*, 147 N. Y. 486.)

*Morris Hillquit* for respondents. In order to prevail in this action it was incumbent upon the plaintiff to prove that the Union Cloak and Suit Company, in making the assignment of $1,000 to the defendants, intended to prefer the defendants over other creditors of the same class. (*Sebring* v. *Wellington*, 63 App. Div. 498; *Matter of Ebert*, 1 Am. Bank. Reg. 340; *Matter of Schafer*, 5 Am. Bank. Reg. 146; *Carson, etc., Co.* v. *C. T. & T. Co.*, 5 Am. Bank. Reg. 814; *Crittenden* v. *Barton*, 59 App. Div. 555; *Levoe* v. *Seiter*, 69 App. Div. 33; *Matter of Hall*, 4 Am. Bank. Reg. 671; *Matter of Dickinson*, 7 Am. Bank. Reg. 1679; *Matter of R. P. Mills*, 3 Am. Bank. Reg. 123; *Blakely* v. *B. Nat. Bank*, 2 Am. Bank. Reg. 459.)

WERNER, J. This action was brought by the plaintiff as trustee in bankruptcy of the Union Cloak and Suit Company, a domestic corporation, to recover from the defendants, who were creditors of that corporation, certain moneys paid by it to them in alleged violation of the provisions of the Bankruptcy Act relating to preferences. At the Trial Term the defendants had a verdict and the judgment entered upon it was affirmed at the Appellate Division. The order of affirmance is not in the record, but there is evidence to support the

contentions of fact advanced by the defendants, so that, if the case was submitted to the jury with correct instructions as to the law and sound rulings upon objections to the reception and exclusion of evidence, the verdict is conclusive whether its affirmance was unanimous or not.

The case turns upon the construction of section 60 of the National Bankruptcy Act, and the specific question involved is presented by exception taken by the plaintiff to the charge of the court to the jury.

Section 60 of the act referred to consists of two subdivisions and reads as follows:

" A. A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class.

" B. If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

The learned trial court charged the jury that plaintiff's right to recover depended upon three distinct facts, each of which he was bound to establish by evidence. *First.* " That the Union Cloak and Suit Company was insolvent on July 3rd, 1901." *Second.* "That in transferring to the defendant the $1,000.00, the said Company intended to give a preference to the defendant." *Third.* " That at the time of receiving from the Union Cloak and Suit Company the transfer of the $1,000.00 on July 3rd, 1901, the defendant had reasonable cause to believe that said Company was insolvent and intended to give them, the defendants, such preference."

The first and third instructions above quoted were conceededly correct, but plaintiff's counsel excepted to the second instruction, and that presents the question in the case.

Is it incumbent upon a trustee, in an action to avoid an alleged preferential payment by an insolvent debtor to his creditor, to prove the intent of the debtor to give a preference, as well as the creditor's reasonable ground to believe that a preference was intended to be given? The language of the statute (subdivision B) makes it perfectly clear that a preferential payment by an insolvent debtor to his creditor cannot be avoided by a trustee in bankruptcy unless he can prove that the creditor receiving it "shall have reasonable cause to believe that it was intended thereby to give a preference." In the case at bar the courts below have gone a step further and have held that such an action cannot be maintained without affirmative proof of the debtor's intent to give a preference. It is practically conceded that this interpretation of the statute rests upon judicial construction rather than direct language, and the argument by which it is sought to be supported is that a creditor's reasonable cause to believe that, in the payment to him it was intended to give a preference, can only be predicated upon the existence of such an intent in the mind of the debtor. It is contended that it would be paradoxical to hold that the creditor should have reasonable ground to believe in the debtor's intent to give a preference unless that intent, in fact, exists and is disclosed by proof. The difficulty with this argument is that it ignores the explicit language of the statute (subdivision A), by which the debtor's intent is removed from the sphere of speculation or evidence into the category of established fact. In unmistakable language Congress has said that when an insolvent debtor makes a transfer of property, the effect of which will be to enable any one of his creditors to obtain a greater percentage of his debt than any other creditor of the same class, "*the debtor shall be deemed to have given a preference.*" Shall this language be held to be meaningless? Shall it be expunged from the statute by judicial construction? If it

does not disclose the legislative intent to fix by law that
which would otherwise be the subject of controversy, what
purpose does it serve? The only answer to these queries is
found in the rather metaphysical contention, already alluded
to, 'that if the debtor's intent depends upon his act, without
reference to his state of mind, it is quite superfluous to ascer-
tain the creditor's reasonable ground for belief as to the char-
acter and purpose of the debtor's act. This argument, it
seems to us, is more refined than sound. The statute deals
with three distinct legal entities concerned in the administra-
tion of a bankrupt's estate: 1. The debtor. 2. The trustee.
3. The creditor. As to the debtor, the statute declares that
a payment under certain conditions shall be held to be prefer-
ential. He is not to be heard upon the question of his intent.
The effect of his act is fixed by law. That is the scope and
purport of subdivision A. The next section, subdivision B,
declares, in effect, that a preferential payment is not void
*per se,* but voidable by the trustee upon a certain condition.
And what is the condition? Simply that the trustee shall
establish that the creditor had reasonable cause to believe that
the payment to him was intended as a preference. In other
words, the trustee's remedy is not absolute, but is made to
depend upon proof of the knowledge or belief with which the
creditor took the payment.

If Congress should have reversed the order of things by
providing that upon proof of the debtor's intent to create a
preference, any payment made by him within the prohibited
time and under the forbidden conditions should be void,
regardless of the creditor's knowledge or belief in the matter,
no one could deny that it would have been a valid exercise of
legislative power, however unreasonable or unequitable it
might prove in its practical application to individual instances.
The present statute does not differ in principle from the illus-
tration cited. In each case the condition affixed to the remedy
ignores the state of mind of one of the parties to the transac-
tion and renders his act dependent upon the purpose of the
other. We think, therefore, that when a trustee in bank-

ruptcy has proven that a debtor who is insolvent has made a payment, the effect of which will be to give one creditor a preference over others of the same class, and has supplemented this by evidence from which a jury would have the right to find that the creditor receiving the payment had reasonable ground to believe that it was intended thereby to give a preference, he has established all that the statute requires in support of his cause of action. He need not go further, as the plaintiff herein was required to do, and seek to prove the intent of the debtor in making the payment.

This seems to be the view of this statute taken by the Supreme Court of the United States in *Pirie* v. *Chicago Title & Trust Co.* (182 U. S. 438). That was an action in which the claim of Pirie & Company had been allowed for goods sold to the bankrupts, and a dividend paid thereon in the bankruptcy proceedings. The Chicago Title & Trust Co. asked for a reconsideration of the claim and its rejection on the ground that Pirie & Company had, within four months prior to the filing of the petition in bankruptcy, received large preferential payments. The question directly involved was whether the creditors could keep their dividends, but underlying this was the construction of several sections of the bankruptcy statute, among them the one here under consideration. The court there said : " Subdivisions ' A ' and ' B ' are concerned with a preference given by a debtor to his creditor. Subdivision A defines what shall constitute it, and Subdivision B states a consequence of it — gives a remedy against it. The former defines it to be a transfer of property which will enable him to whom the transfer is made to obtain a greater percentage of his debt than other creditors. The latter provides a consequence to be that transfers may be avoided by the trustee and the property or its value recovered, provided, however, that the preference was given within four months before the filing of the petition in bankruptcy or before the adjudication, and the creditor had reason to believe a preference was intended. So far, so clear. If the conditions mentioned exist, the preference may be avoided. But if the person

receiving the preference did not have cause to believe it was intended, what then? It follows that the condition being absent, its effect will be absent. In other words, he may keep the property transferred to him whether it be a complete or partial discharge of his debt."

And again: "It is further contended, 'that to constitute a preference under the Bankruptcy Act within either 57 (g) or 60 (a) at least, the intent on the part of the bankrupt to prefer must be present.' In support of this it has been said that an act of bankruptcy consists under Section 3 (2) of a transfer by a debtor, while insolvent, of any portion of his property to one or more of his creditors, with intent to prefer such creditors over other creditors, and in such a case a petition in involuntary insolvency may be filed against him. Section 3, B. It is hence deduced, reading those provisions with Section 60 (a), that preferences under the latter may be taken with the intent declared in the former, because it is not reasonable to assume that Congress intended that there should be preferences which were not acts of bankruptcy. The claim overlooks the fact that the language of Section 3 (2) implies a difference between a preference and the intent with which it is given, and besides confounds the different purposes of the sections and their different conditions. It was for Congress to decide whether the consequences to a debtor of being forced into bankruptcy so far transcended the consequences to a creditor by a surrender of his preference, as to make the former depend upon an intent to offend the provision of the Statute and the latter not so depend. And we see nothing unreasonable in the distinction or purpose. Nor does the contention of appellants find support in the provisions of the Act of 1867, and the cases of *Mays* v. *Fritton*, 20 Wall. 414, and *Wilson* v. *City Bank*, 17 Wall. 473. In that Act there was a careful expression of the intent of the debtor (Section 5021, Rev. Stat.) and as careful an expression of the state of mind of the preferred creditor. Sections 5084, 5128."

If, as we think, the construction of section 60, subdivisions A and B of the bankruptcy statute, was necessarily involved

in the case from which we have quoted, that construction should be followed by this court even though it might entertain different views as to the meaning of the statute. (*York v. Conde*, 147 N. Y. 486.)

In view of these conclusions it is unnecessary to discuss the conflicting decisions under this statute, in the Appellate Divisions of our several departments. We hold that it was error for the trial court to charge the jury that it was incumbent upon the plaintiff to prove that the Union Cloak & Suit Company, in making its preferential payment to the defendants, intended thereby to give a preference. It follows that the judgment herein should be reversed and a new trial granted, with costs to abide the event.

Parker, Ch. J., Gray, O'Brien and Martin, JJ., concur; Haight and Cullen, JJ., dissent.

Judgment reversed, etc.