## In re ANDREWS.

### Ex parte HARDY et al.

#### (District Court, D. Massachusetts. February 3, 1905.)

#### No. 8,277.

BANKRUPTCY—PROVABLE CLAIMS—PREFERENCES.

A debtor, within four months prior to his bankruptcy, knowing himself to be insolvent, and with intent to give preferences, made payments on pre-existing debts by returning goods bought. The creditors, at the time of receiving the payments, knew that the debtor could not pay his debts as they matured, and that he had dealt with goods received by him on memorandum in violation of his contracts, and in one case the creditor was given a statement which showed the debtor's assets but slightly above his liabilities. *Held*, that such creditors had reasonable cause to believe the debtor insolvent, and that the payments constituted preferences which must be surrendered before they could prove claims against the estate, although they may in fact have believed him solvent.

In Bankruptcy. On review of decision of referee.

See 130 Fed. 383.

Alexander Whiteside, for trustees.

Morse & Friedman, for creditors.

LOWELL, District Judge. The question raised in this case concerns preferences alleged to have been given two creditors. In both cases goods were returned to them by the bankrupt in part payment of pre-existing debts. That the debtor was then insolvent was not disputed. That he knew he was insolvent I find as a fact, and that he intended to give a preference. His testimony was disingenuous, and I attach no weight to it. (See his account of the Hardy transaction, vol.

1, p. 10 et seq.) The referee, who heard the witnesses, informed me in conference that he agreed with these findings.

It follows that a preference was given which must be surrendered before proof, if the creditor then "had reasonable cause to believe that it was intended thereby to give a preference." If the debtor is insolvent, he intends preference by any payment of a pre-existing debt. If the creditor has reasonable cause to believe that the debtor is insolvent, then the creditor has reasonable cause to believe that a preference is intended. Under the circumstances here presented, the court has to determine only if these two creditors severally had reason to believe the bankrupt insolvent at the time the payments were made to them by him. If the question is answered in the affirmative as to either, that creditor must surrender his preference.

The creditor Hardy knew that the bankrupt had sold goods received on memorandum, and, contrary to his agreement, had appropriated proceeds which did not belong to him. He knew that the bankrupt did not pay his debts. The bankrupt said he could not, and Hardy was satisfied that this was true. He made no inquiry about the bankrupt's solvency. The payment alleged to be preferential was not made by cash on account in the ordinary course of business, but by a return of goods. Hardy testified in substance that he believed the bankrupt to be solvent at the date of the preference, and the referee, with whom I have conferred, was favorably impressed by Hardy's testimony, and believed it to be true. I do not find the contrary, but the undisputed circumstances mentioned above, as well as others contained in the testimony, establish that Hardy, whatever his actual belief, had reasonable cause to believe that Andrews was insolvent, and I so find.

The creditor Mayer knew that the bankrupt could not pay his debts, and that he had pawned goods sold to him on memorandum. He doubted if he could himself legally retain a payment made to him by the bankrupt, consulted a lawyer on the matter, and was told that, to make the payment legal, the debtor must show the creditor that the former was solvent. His attention was thus particularly directed to the question of the bankrupt's solvency. He made a slight examination of some goods in the bankrupt's store, and received from the bankrupt a statement which showed $33,000 worth of property and $31,000 of debts. This statement, quite incorrect, was the best that the debtor could make, and the smallness of its credit balance, taken with the other circumstances just stated, seems to me sufficient to give the creditor reasonable cause to believe in the bankrupt's insolvency. This I find. That the creditor actually believed Andrews solvent was the opinion of the referee, and on that point I need not find the contrary.

Judgment of the referee reversed.