[No. 1338, August 10, 1910.]

FRANZ SCHMIDT, as Trustee in Bankruptcy of Jaspar N. Broyles, a Bankrupt, Appellee, v. THE BANK OF COMMERCE, Appellant.

### SYLLABUS.

1. In an action brought by a trustee in bankruptcy to recover a voidable preference, the intent of the bankrupt in making the preference is immaterial.

2.   Where creditor bank persuaded and induced a bank-
rupt to pay it money for the express purpose and with the
intent to apply the same upon the indebtedness then owing
by the bankrupt to the creditor bank, no question of the
right of set-off for money deposited in the ordinary course
of business arises.

Appeal from the District Court for Bernalillo County
before IRA A. ABBOTT, Associate Justice.   Affirmed.

E. W. DOBSON for Appellant.

Where an insolvent person has money on deposit in
a bank subject to check, and also owes the bank upon a
promissory note, upon such insolvent person being ad-
judged a bankrupt, the bank is entitled to have the amount
of the bankrupt's deposit set off against the sum due on
the promissory note, and to prove its claim against the
bankrupt for the balance.   West v. Bank of Lahoma, 85
Pac. 469; Clark v. Northampton National Bank, 35 N. E.
108; Hooks v. Gila Valley Bank & Trust Co., 100 Pac.
806; New York County National Bank v. Massey, 192 U.
S. 138, 48 L. ed. 380; 30 Stat. at L. 562; U. S. C. St. 1901,
p. 3445, sec. 60 a, 68 a; 14 Stat. 517; Hough v. First
National Bank, 4 Bis. 349, 12 Fed. Cases 564, No. 6721;
re Petries, 5 Ben. 110, 19 Fed. Cases, No. 11,040; Blair
v. Allen, 3 Dill. 101, 3 Fed. Cases, No. 1483; in re Myers
et al, 99 Federal Rep. 691; in re Myers et al, 107 Fed.
Rep. 86; in re Philip Semmer Glass Co., 135 Fed. Rep.
77; Tomlinson v. Bank of Lexington, 145 Fed. 824.

In order that a conveyance by a bankrupt shall be
fraudulent within Bankrupt Act, July 1, 1898, c. 541,
sec. 67 e, 30 Stat. 564, U. S. Comp. St. 1901, p. 3449,
providing that all conveyances made by the bankrupt with-
in four months prior to the filing of the petition with
intent to hinder, delay, or defraud his creditors, or any
of them, shall be void except as to purchasers in good
faith and for a fair consideration, the bankrupt must
have an intent to hinder, delay and defraud creditors, and
there must have been a want of good faith on the part of

the transferee. Barbour v. Priest, 103 U. S. 296, 26 L. ed. 478; Hardy v. Gray et al, 144 Fed. 922; Pirie v. Chicago Title & Trust Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. ed. 1171; Wilson v. City Bank, 17 Wall. 486; Grant v. National Bank, 97 U. S. 81, 24 L. ed. 971; Van Iderstine v. National Discount Co., 174 Fed. 518; J. W. Butler Paper Co. v. Goembel, 143 Fed. 295; Western Tie & Lumber Co. v. Brown, 129 Fed. 728; Libby v. Hopkins, 104 U. S. 303; Wetstein v. Franciscus, 133 Fed. 900, 67 C. C. A. 62; in re Eggert, 102 Fed. 735, 43 C. C. A. 1.

Without regard to the question of preference, it has been held that under the provision of the National Bankruptcy Act (section 68 a, of the bankruptcy act of 1898, 1 Fed. St. Ann. 696, which is almost a literal reproduction of section 20 of the act of 1867) authorizing the setting off against each other of mutual debts, a bank deposit may be set off against a debt due to the bank from the depositor who becomes bankrupt. In re Petrie, 5 Ben. 110, 19 Fed. Cas. No. 11,040; in re Farnsworth, 5 Biss. 223, 8 Fed. Cas. No. 4, 673; Blair v. Allen, 3 Dill. 101, 3 Fed. Cas. No. 1, 483; ex p. Howard, 2 Lowell 487, 12 Fed. Cas. No. 6764; Scammon v. Kimball, 92 U. S. 362, 23 U. S., L. ed. 483; New York County Bank v. Massey, 192 U. S. 138, 24 S. Ct. 199, 48 U. S., L. ed. 380; in re Little, 110 Fed. 621; in re Myers, 99 Fed. 691; in re George M. Hill Co., 130 Fed. 315, 64 C. C. A. 561; 66 L. R. A. 68; in re Scherzer, 130 Fed. 631; in re Schults, 132 Fed. 573; in re Phillip Semmer Glass Co., 135 Fed. 77, 67 C. C. A. 551, appeal dismissed 203 U. S. 141, 27 S. Ct. 50, 51 U. S., L. ed. 128; Ridge Ave. Bank v. Studheim, 145 Fed. 798, 76 C. C. A. 362; Irish v. Citizens' Trust Co., 163 Fed. 880; Tomlinson v. Lexington Bank, 145 Fed. 824, 76 C. C. A. 400, 16 Am. Bankr. Rep. 632; Robinson v. Wisconsin, etc., Ins. Co. Bank, 9 Biss. 117, 20 Fed. Cas. No. 11,969; Hough v. Ft. Wayne First Nat. Bank, 4 Biss. 349, 12 Fed. Cas. No. 6,721; Union Nat. Bank v. McKay, 102 Fed. 662; 42 C. C. A. 583; in re Meyer, 107 Fed. 86; Dressel v. North State Lumber Co., 119 Fed. 531; in re Koenig, 127 Fed. 892, affirmed 133 Fed. 1019; in re Elsasser, 7 Am. Bankr. Rep. 215; in re

Medaise-Vine Carriage Co., 17 Am. Bankr. Reg. 897; McDonald v. Clearwater Shortline R. Co., 164 Fed. 1007; Bank v. Sundheim, 16 Am. Bankr. Rep. 866; Pirie v. Chicago Title & Trust Co., 182 U. S. 438, 48 L. ed. 1171.

MARRON & WOOD for Appellee.

If the bank accepted a check from the bankrupt, that is not applying one debt against another, but is accepting payment of a debt by check. This would amount to a preference. Traders Bank v. Campbell, 81 U. S. 87.

It is not necessary that the bankrupt should have purposed and wished to benefit the defendant over his other creditors in order to constitute a voidable preference under the bankruptcy act. Western Tie & Timber Co. v. Brown, 129 Fed. 728; in re Andrews, 135 Fed. 599; Brewster v. Goff Lumber Co., 164 Fed. 124; Western Tie & Timber Co. v. Brown, 196 U. S. 502; Benedict v. Deshel, 177 N. Y. 1.

### STATEMENT OF FACTS.

This was an action brought by appellee against appellant, under sub-division "b" of section 60 of the Bankruptcy Act, (30 Stat. 562), as follows:

"If a bankrupt shall have given a preference within four months before the filing of a petition, or after the filing of the petition and before the adjudication, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

The case was tried by the court without a jury and resulted in a judgment in favor of appellee. The court made, among others, the following findings of fact:

"4. That the said Jaspar N. Broyles on the said sixteenth day of April, 1908, was insolvent and as a reasonable man should have known from the circumstances that he was so insolvent.

"5. That the said defendant on the said sixteenth

and seventeenth .days of April, 1908, in the person and through the medium of its cashier and attorney, persuaded and induced the said Jaspar N.. Broyles to pay and to remit to the said defendant the sum of two thousand two hundred and eight-three dollars and forty-five cents ($2,283.45) for the express purpose and with the intent to apply the same upon the indebtedness then owing by the said Broyles to the defendant."

"6.   That the effect of said payment was to enable the said defendant to secure and obtain a greater percentage of its debt than would be secured by any other of the creditors of the said Broyles of the same class.

"7.   That the said Jaspar N. Broyles intended to do, and did that which constituted giving a preference within the meaning of the Bankruptcy Law, namely made a transfer to the defendant of some of his property with the effect of enabling the defendant to obtain a greater percentage of its debt than any other creditor of the same class, but he did not intend that result in the sense that he wished or proposed to have the defendant obtain a greater percentage of its claim than any other creditor of its class.

"8.   That the defendant and its cashier, being the same officer who secured the payment on the said sixteenth day of April, 1908, had reasonable ground to believe that the said Jaspar N. Broyles was insolvent, and that it was the purpose of the defendant and was intended by the transaction to grant and secure to the said defendant a preference.

"9.   That the said Jaspar N. Broyles, thereafter, and within four months of the said sixteenth day of April, 1908, was duly adjudicated a bankrupt, and the plaintiff duly appointed his trustee in bankruptcy."

## OPINION OF THE COURT.

PARKER, J.—The appellant contends for a construction of sub-division "b" of the Bankruptcy Act to which we cannot give our consent.   It contends that an actual intent on the part of the bankrupt to create a preference, as well as the fact that the creditor preferred shall have reasonable cause to believe that the transaction was intend-

ed thereby to give preference, is necessary in order to authorize the recovery of the subject matter of the preference by the trustee in bankruptcy. It cites Hardy v. Gray, et al., 144 Fed. 922, in support of the contention, which case seems to support the same. That was a case arising under sub-division "g" of section 57 of the Bankruptcy Act, as amended by section 12 of the act of February 5, 1903, (32 Stat. 799). The amendment of 1903 brought into the section the same terms as those employed in sub-division "b" of section 60, and therefore the case is in point upon the question in this case. We refuse, however, to follow this case for the reason that we regard the same as unsound and as being in conflict with the controlling and much greater weight of authority.

Appellee contends that under the statute the intent of the bankrupt in making a preference is wholly immaterial if the preferred creditor had reason to believe that the preference was intended, and cites Western Tie and Lumber Company v. Brown, 129 Fed. 728, in re Andrews, 135 Fed. 599; Brewster v. Goff Lumber Company, 164 Fed. 124; Western Tie & Lumber Co. v. Brown, 196 U. S. 502; and Benedict v. Deschel, 177 N. Y. 1, in support of his contention.

In the case in 129 Fed. 728, in the Circuit Court of Appeals of the Eighth Circuit, it is said:

"The preferences denounced by the statute are often secured by creditors without any desire or intention on the part of the debtors to give them, as in cases in which the creditors obtain judgments against their debtors over defenses made to the actions in good faith, and in cases, like that a bar, where, without the consent of their debtors, creditors appropriate to the payment of their claims the property of their debtors which happens to be under their control. Such transactions are none the less voidable preferences, that the debtors do not intend them to have that effect. If they are conducted within the four months and if they have the effect to give to the creditors who conceive and execute them larger percentages of their claims than other creditors of the same class receive, they fall, as clearly under the ban of the law as transfers made

by debtors with the intent on their part to give the prefer-
ences. 'Such a transaction is voidable by the trustee not only
when the party receiving it has a reasonable cause to be-
lieve that it was intended by the debtor, but also when it
was intended by the creditor, or by the actor who accomp-
lished the result, to work a preference by means of the
transactions."

The Supreme Court of the United States, in 196 U.
S. 502, reversed this case, but upon another point, and
upon the point in question said:

"This conclusion, moreover, is the result of the find-
ing that Harrison had no intention to give the tie com-
pany a preference, for if Harrison, being insolvent, to the
knowledge of the company, within the prohibited period,
gave to the tie company authority to collect the sums due
to him by the laborers for goods sold them, with the right,
or even the option to apply the money to a prior debt
due by Harrison to the company, the necessary result of
the transaction would have been to create a voidable pref-
erence.    And if the inevitable result of the transaction
would have been to create such a preference, then the
law would conclusively impute to Harrison the intention
to bring about the result necessarily arising from the nature
of the act which he did."

In the case in 153 Fed. it is said:

"It follows that a preference was given which must
be surrendered before proof, if the creditor then 'had reas-
onable cause to believe that it was intended thereby to
give a preference.' If the debtor is insolvent, he intends
preference by any payment of a pre-existing debt. If the
creditor has reasonable cause to believe that the debtor is
insolvent, then the creditor has reasonable cause to be-
lieve that a preference is intended."

In the case of 164 Fed., it is said:

"That there was a preference in fact, cannot, of course,
be gainsaid; the firm, as well as the individual members
of it, being insolvent, and the Goff Lumber Company
securing by the transaction over one-third of their bill,
where other creditors will get practically nothing.   This
being the inevitable effect, it will be conclusively pre-

sumed that it was so intended, even though it may be that Moore had no idea in reality of treating the Goff Lumber Company any differently from or of giving them any advantage over other creditors."

In the case of 177 N. Y. 1, it is said:

"As to the debtor the statute declares that a judgment under certain conditions shall be held to be preferential. He is not to be heard upon the question of his intent. The effect of his act is fixed by law."

See also Van Idersteine v. National Discount Co., 174 Fed. 518; Coder v. Arts, 213 U. S. 223.

We therefore hold that in an action brought by a trustee in bankruptcy to recover a voidable preference, the intent of the bankrupt in making the preference is immaterial.

2. Appellant contends that as to all of the payments secured it should have the right of set-off against the claim of appellee by reason of the fact that the same were received in due course of business as a deposit in a bank, and as payments on notes and interest. The fifth finding of the court below, which seems to be supported at least by sufficient evidence, effectually cuts out this question from the case. The court finds that the appellant persuaded and induced the bankrupt to pay to them the amount of money involved in this action for the express purpose and with the intent to apply the same upon the indebtedness then owing by the bankrupt to appellant. This being so, no question of the right of set-off for money deposited in the ordinary course of business, arises.

There being no error in the record the judgment of the lower court will be affirmed; and it is so ordered.