## SHELTON v. FIRST NAT. BANK OF MANNSVILLE.

No. 1308.   Opinion Filed January 9, 1912.

(120 Pac. 959.)

**BANKRUPTCY**—Preference—Cause to Believe.   Under Bankruptcy Act July 1, 1898, c. 541, secs. 60a and 60b, 30 St. 562 (U. S. Comp. St. 1901, p. 3445), as amended by Act Feb. 5, 1903, c. 487, sec. 13, 32 St. 799 (U. S. Comp. St. Supp. 1909, p. 1314), providing that a preference, given by an insolvent debtor within four months before the filing of a petition in bankruptcy, shall be voidable by the trustee, if the creditor had "reasonable cause to believe that it was intended thereby to give a preference," such cause of belief on the part of the creditor implies, as its foundation, reasonable cause to believe that the debtor is insolvent, within the meaning of that term as defined by section 1, cl. 15, of the act of 1898; and mere knowledge that a promissory note of the debtor due the defendant bank, and twice extended, was paid by the debtor from the proceeds of a sale to his sureties on said note, without the knowledge of the bank, of a certain piece of property, with checks drawn by said sureties against funds loaned them by and placed to their credit in said bank, and secured by promissory note payable to said bank, is not sufficient, in the absence of fraud, to charge defendant with such notice, though. no inquiries were made by defendant as to the debtor's solvency.

(Syllabus by the Court.)

*Error from District Court; Carter County;*
*S. H. Russell, Judge.*

Action by L. G. Shelton against the First National Bank of Mannsville.   Judgment for defendant, and plaintiff brings error.   Affirmed.

*Bledsoe & Little,* for plaintiff in error.

*Potter & Potter,* for defendant in error.

TURNER, C. J. This is an action, brought by L. G. Shelton, trustee in bankruptcy of the estate of A. P. Ray, who, upon his own petition, was adjudged a bankrupt in the United States Court for the Indian Territory, Southern district, at Ardmore, on November 30, 1906, to recover of and from the First National Bank of Mannsville an alleged preference of $595 paid said bank as one of his creditors, contrary to sections 60a and 60b of the bankruptcy act of 1898, as amended by the act of 1903, which reads:

"A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required. If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. And. for the purpose of such recovery, any court of bankruptcy, as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

After answer, in effect a general denial, there was trial to the court upon deposition, and judgment for defendant, and plaintiff brings the. case here.

In rendering judgment for defendant, the court, in effect, held that, although Ray was insolvent at the time the payment was made, defendant did not know, and. did not have reasonable grounds to believe, he was insolvent. This is complained of,

and it is assigned that the court erred in its conclusion of law, for the reason that the facts, as shown by the record, constitute a voidable preference, within the contemplation of said act. The facts are few and undisputed. They are that on November 30, 1906, said Ray filed his petition, and was adjudged a voluntary bankrupt, and plaintiff was appointed trustee of his estate; that about six or eight weeks prior thereto, being indebted to defendant by promissory note, executed early in that year, signed by himself, as principal, and E. L. Jones and W. A. McLaughlin, sureties, the same being due, he paid thereon $50, thereby securing an extension on the balance of $542.12. At that time, Ray was a merchant in Mannsville, a town of about 700 inhabitants, and had been for some three or four years. He did his banking with defendant—the only bank in town—which made no inquiry into the financial condition of defendant at any time the note fell due, which was, perhaps, twice; and its cashier was never in his store, except, perhaps, twice, and took no particular notice of his stock. About ten days before the filing of his said petition, Ray sold and conveyed some of his real estate to his said sureties, Jones and McLaughlin, who paid him the purchase money therefor, by check drawn on the defendant bank, which, when the same was presented, deducted the balance due on said note, marked it paid, and handed it to said Ray, together with $200 for the balance due him on the check presented, which he turned over to his mother-in-law in payment of a debt due her. From that time up to the time of filing his petition, Ray sustained no losses. At that time, his assets consisted of his homestead, valued at $700, and a stock of goods, after his exemptions were deducted, invoicing $444.40, which was appraised at 60 per cent., or $266.64, notes and accounts invoicing $106.50, appraised at 15 per cent., or $15.47, fixtures invoicing $82.75, appraised at 50 per cent., or $41.37, all of which was sold for $200, while the liabilities amounted to $1,222.70.

Assuming that Ray's insolvency at the time appears from the evidence, the transaction plainly involves a preference to the extent of the amount paid, provided defendant or its agent had reasonable cause to believe that it was intended thereby to give

it a preference. But as cause for such belief implies, as its foundation, reasonable cause to believe that the debtor was insolvent at the time it was made, within the meaning of that term as defined by said act (July 1, 1898, sec. 1, cl. 15), and plaintiff has failed to point out the existence of any fact or circumstance which should have induced defendant to a reasonable belief of Ray's insolvency, and we can find none, we cannot see how such could be imputed to defendant. *In re Eggert* (D. C.) 98 Fed. 843. And that, too, although notice of facts which would incite a person of reasonable prudence to inquire, under similar circumstances, is notice of all the facts which a reasonably diligent inquiry would develop. For, as is said in *Re Andrews* (D. C.) 135 Fed. 600:

"If the creditor has reasonable cause to believe that the debtor is insolvent, then the creditor has cause to believe that a preference is intended."

There being no evidence tending to prove that at the time of the alleged preference defendant had any knowledge of the financial condition of Ray, or had any reason to inquire, but evidence only to the effect that the only specific financial transaction between them was that he contracted with defendant a loan, well secured, which he afterwards paid with checks drawn by his sureties against funds placed to their credit in said bank, the proceeds of a loan advanced to them on their individual note, payable to defendant, we are of opinion that the evidence was insufficient to charge defendant with having received a preference as alleged, and for that reason, and that the court did not err in so holding, the judgment is affirmed.

HAYES and KANE, JJ., concur; DUNN and WILLIAMS, JJ., absent, not participating.