## BOSSAK & CO. v. COXE.

### In re D. I. BROUSSEAU CO.

(Circuit Court of Appeals, Fifth Circuit. November 28, 1922.)

No. 3952.

Bankruptcy ⬅303(3)—Taking back goods at overvaluation evidence of preference.

That a creditor took back goods sold to bankrupt at the sale price, though at the time they were worth but half such price in the market, *held* sufficient to warrant a finding that the creditor had reasonable cause to believe that bankrupt was insolvent and that the transfer would effect a preference.

Appeal from the District Court of the United States for the Northern District of Alabama; Wm. I. Grubb, Judge.

In the Matter of D. I. Brousseau Company, bankrupt; John S. Coxe, trustee. From an order disallowing its claim, unless a preference was surrendered, Bossak & Co., a corporation, appeals. Affirmed.

C. D. Ritter, of Birmingham, Ala. (Ritter, Wynn & Carmichael, of Birmingham, Ala., on the brief), for appellant.

M. M. Ullman and R. Du Pont Thompson, both of Birmingham, Ala., for appellee.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree which confirmed the action of the referee in disallowing and expunging a claim of the appellant against the bankrupt estate of D. I. Brousseau Company, upon the appellant refusing to surrender a payment made by the bankrupt to the appellant, which payment was found to be a voidable preference. The transaction which was held to have operated as a voidable preference was the return by the bankrupt and the acceptance by the appellant on January 27, 1921, of furs previously sold by the latter to the former; the furs returned being accepted and credited at the original cost price, $8,040, the market price of the goods at the time they were so returned being 50 per cent. less than the sale price of them. The adjudication of bankruptcy was on March 4, 1921, on an involuntary petition filed on February 25, 1921.

In behalf of the appellant it is contended that no evidence adduced supported a finding that, when the furs were so transferred, the transferee, the appellant, had reasonable cause to believe that the enforcement of that transfer would effect a preference. It is not fairly open to dispute that evidence adduced supported findings that when that transfer was made the transferor was insolvent, and that the effect of the enforcement of the transfer would be to enable the appellant to obtain a greater percentage of its debt than any other creditor of the same class, with the results of requiring the disallowance of the appellant's claim upon its refusal to surrender such preference, and of making the transfer voidable by the trustee, if the appellant at the time of such transfer had reasonable cause to believe that the enforcement of it would effect a preference. Bankruptcy Act, §§ 57g, 60 (Comp. St. §§ 9641, 9644).

The furs which were returned were sold on credit by the appellant to the bankrupt in the fall of 1920; the bills therefor falling due January 10, 1921. Testimony in behalf of the appellant was to the following effect: The furs were bought for the bankrupt by Albert Berler, a member of a firm which was the purchasing agent or buyer in New York for the bankrupt. Shortly after January 10, 1921, appellant began demanding payment for the furs. Early in January Berler asked appellant to take back the furs. At first appellant declined to consider such a proposition. Thereafter appellant offered to Berler to take back the goods at 50 per cent. of the sale price and to wait a reasonable time for the payment of the balance of the price. That proposition not being accepted, appellant on January 27th took back the furs at the price at which they had been sold, though they were then worth only half of that price. The dealings of the appellant with reference to the return of the furs were with Berler, who acted for the bankrupt. At the time of those dealings Berler, according to his own testimony when examined for the appellant, believed or had cause to believe or know that the bankrupt was insolvent, or about to become insolvent.

A transaction whereby a merchant creditor satisfies his debt in consideration of the transfer to him by the debtor of goods worth only

half of the amount of the debt certainly is not one in the usual and ordinary course of mercantile business. In effect the appellant relinquished half of an unquestioned debt due to it for the price of goods sold for nothing in return for so doing. Such an unusual occurrence is prima facie evidence of fraud, and was enough to indicate that appellant had information as to the debtor's financial condition, and to cast on the appellant the burden of sustaining the validity of the transaction. Walbrun v. Babbitt, 16 Wall. 577, 21 L. Ed. 489; Judson v. Courier Co. (C. C.) 15 Fed. 541; Hodges v. Coleman, 76 Ala. 103; Kansas Moline Plow Co. v. Sherman, 3 Okl. 204, 41 Pac. 623, and note, 32 L. R. A. 33, 58.

It may be inferred that the appellant would have been informed of the financial condition of the bankrupt prior to or at the time of the return and acceptance of the furs, if it had made an inquiry of Berler on the subject. The dealings with Berler which had the above-stated result were such as to suggest to the appellant an inquiry as to whether the financial condition of the buyer made it advisable for the seller to satisfy its debt upon the return of goods worth only half the amount of the debt. The rejection of such a proposition as the one the appellant accepted was to be expected, unless the appellant had become satisfied that the valid and unquestioned debt for the goods was uncollectible, or, after being put on inquiry as to the debtor's financial condition, had failed to make such inquiry. It was for the referee and the court to pass on the credibility of the testimony relied on by the appellant to explain its action in practically giving away half of an $8,040 debt due to it. There are features of that testimony which indicate that it did not fully and frankly disclose the real history of the transaction in question. We do not think that that testimony required or justified the conclusion that that transaction was a valid one. The evidence adduced well warranted a finding that the return and acceptance of the furs and the satisfaction of the debt for the price thereof had all the elements required to constitute a preference, voidable at the instance of the trustee.

The decree is affirmed.