238 F.2d 533
 62 A.L.R.2d 770
 Philip MARKS, as Trustee in Bankruptcy of M & R Plastic
Company, a copartnership composed of Richard Simon
and Michael Balogh, Plaintiff-Appellant,
v.
GOODYEAR RUBBER SUNDRIES, Inc., Defendant-Appellee.
 No. 42, Docket 24078.
 United States Court of Appeals Second Circuit.
 Argued Oct. 11, 1956.
Decided Nov. 13, 1956.
 
 Siegel & Brownstein, New York City, Benjamin Brownstein, New York City, of counsel, for appellant.
 Young, Balbach, Tilford & Lewis, New York City, Arnold R. Lewis, New York City, of counsel, for appellee.
 Before CLARK, Chief Judge, and L. HAND and SWAN, Circuit Judges.
 SWAN, Circuit Judge.
 
 
 1
 This appeal presents a narrow issue, namely, whether the defendant, a creditor of the bankrupt, had reasonable cause to believe that its debtor was insolvent at the time when merchandise purchased from it was returned for credit against the bankrupt's account.
 
 
 2
 The facts are not in dispute. On December 27, 1954, one week before filing a voluntary petition in bankruptcy, the bankrupt returned to defendant goods having an invoice value of $2,903 which defendant had sold to the bankrupt on credit on November 19, 1954. After credit was given for the returned merchandise, there was still due and owing from the bankrupt to defendant $5,799.67. The returned merchandise was accompanied by a letter reading:
 
 
 3
 'Finding ourselves financially embarrassed, we are returning this date the merchandise shipped to us per your invoice No. 19289 consisting of 5806 lbs of film.'
 
 
 4
 Defendant replied by letter dated January 3, 1955 as follows:
 
 
 5
 'We have received the returned shipment which you made for your account and your letter notifying us that the return has been made because you find yourselves financially unable to meet your obligations.
 
 
 6
 'In order that we may clearly understand what your position is, will you kindly write us in detail as to what it is going to be possible for you to do in the retirement of your overdue account with us, about which we have written in the past weeks?
 
 
 7
 'We are enclosing a statement of the account as it now appears on our books, and in order to prevent our factors from stepping in to take action on this account we will have to have some positive schedule of payments from you within the next few days. Please do not delay in reviewing this account against your ability to retire it, and let us have an expression of your intentions within the coming week.'
 
 
 8
 Although the district judge made no finding as to the bankrupt's insolvency on December 27, 1954 there can be no doubt that insolvency then existed. Richard Simon, one of the partners, testified that the firm's financial condition on that date was substantially the same as on January 4, 1955, when the voluntary petition in bankruptcy was filed. The bankrupt's schedules showed debts of $16,846.75 and assets of $19,274.31, but a $10,800 account listed as an asset was worthless, as Simon had discovered in November 1954. Thus the assets were actually only $8,474, which is about one-half the amount of listed liabilities. Hence it is obvious that return and acceptance of the merchandise was a preferential transfer, as defined in § 60, sub. a of the Bankruptcy Act, and the only question for decision is whether it was a voidable preference, as defined in § 60, sub. b, 11 U.S.C.A. § 96. This turns on whether defendant had reasonable cause to believe that its debtor was insolvent when the merchandise was returned.
 
 
 9
 The district judge concluded that the defendant did not have such reasonable cause and that the plaintiff had failed to sustain his burden of proof. With these conclusions we are constrained to disagree.
 
 
 10
 In determining what constitutes 'reasonable cause' it is well settled that notice of facts which would incite a man of ordinary prudence to an inquiry under similar circumstances is notice of all the facts which reasonably diligent inquiry would have disclosed.[1] Payment by the return of merchandise may in certain circumstances be sufficient to indicate reasonable cause for belief of the buyer's insolvency.[2] However, where a buyer returned goods because his inventory was too large and business was bad, the seller was held not to have received a voidable preference.[3] Thus acceptance of goods returned by a buyer is not of itself proof that the seller had reasonable cause to believe the buyer insolvent. In the case at bar the goods were returned because, as stated in bankrupt's letter, the partnership found themselves 'financially embarrassed,' and the defendant in its letter of January 3rd, interpreted that phrase as meaning 'financially unable to meet your obligations.' Also it not only asked what the buyer could do 'in the retirement of your overdue account,' but demanded 'some positive schedule of payments from you in the next few days,' 'in order to prevent our factors from stepping in to take action on this account.' Furthermore, Mr. Lake, the defendant's credit man, testified that after getting the letter of December 27th and the return of the goods, he would not have extended further credit without further explanation from the debtor. Appendix 29a. We think that the foregoing facts would 'incite a man of ordinary prudence to an inquiry.'[4] Indeed, defendant did make inquiry but it was not a reasonably diligent inquiry, and the goods were accepted and credit given for their return without waiting for any response to the inquiry. A diligent inquiry would have disclosed that the Saxon account of $10,800 carried on the bankrupt's books as an asset was uncollectible and that the bankrupt was insolvent. A creditor who is put on inquiry cannot in our opinion postpone inquiry until after his acceptance of returned goods and claim immunity for the transaction because he did not then know the facts which a diligent inquiry would have uncovered.
 
 
 11
 Judgment of dismissal is reversed and judgment awarded to the plaintiff for $2,903 plus interest from December 27, 1954.
 
 
 
 [1]
 Merchants' National Bank v. Cook, 95 U.S. 342, 346, 24 L.Ed. 412; Pender v. Chatham Phenix Nat. Bank & Trust Co., 2 Cir., 58 F.2d 968, 970
 
 
 [2]
 See Remington, Bankruptcy, 1823, at page 631; Yarm v. Whitcup, D.C.E.D.N.Y., 46 F.2d 117; In re Andrews, D.C.Mass., 135 F. 599; Coleman v. Decatur Egg Case Co., 8 Cir., 186 F. 136; Bossak & Co. v. Coxe, 5 Cir., 285 F. 147
 
 
 [3]
 In re Venie, D.C.W.D.Mo., 80 F.Supp. 247. The defendant's brief asserts that this case 'seems to be on all fours with the instant case.' We do not so read it. The reasons there stated for the return differ from those in the case at bar
 
 
 [4]
 Quotation is from Pender v. Chatham Phenix Nat. Bank, 2 Cir., 58 F.2d 968, 970